UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE:<br><br>REQUEST FOR ADDITIONAL INFORMATION AND DOCUMENTARY MATERIALS ISSUED TO CLAYTON, DUBILIER & RICE FUND XI, LP | Case No. |

## GENTIVA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d)

In its accompanying motion, Curo Health Services, LLC ("Gentiva") moves for an order under Fed. R. Evid. 502(d) to aid in the efficient production of documents to the Federal Trade Commission ("FTC") and to ensure the attorney-client privilege and work-product protection are preserved in that process.

### I. Background

This matter arises from a Request for Additional Information and Documentary Materials, commonly known as a "Second Request," issued by the FTC to Clayton, Dubilier & Rice Fund XI, L.P. ("Fund XI") on May 3, 2023. (attached at Ex. A). The Second Request concerns a proposed acquisition by Gentiva, a Fund XI portfolio company, of certain assets held by ProMedica Health Systems, Inc.

Through the Second Request, the FTC imposes significant discovery obligations on Gentiva to assist the FTC in its investigation of the proposed acquisition. The 76-page request requires production of documents and data regarding a wide range of top-

ics connected to Gentiva's business. As is typical for Second Requests, an enormous volume of electronically stored information ("ESI") — on the order of millions of documents — is expected to be reviewed and potentially produced in response to the FTC's expansive demands. Gentiva and its counsel will exercise diligence to identify and withhold any privileged information that undoubtedly exists in this large population of ESI. But despite those efforts, the chance that privileged documents will slip into the production is high. The FTC requests prompt production of enormous swaths of documents, including documents relating to *qui tam* litigation currently pending before this Court. Gentiva simply asks this Court for an order that will safeguard and preserve the right to assert privileges and protections over confidential materials produced in response to the Second Request and prevent others from seizing on this nearly unpreventable situation by seeking the draconian result of subject matter waiver.

## II.     Rule 502(d) Is a Tool for Aiding the Efficient Production of Documents in Light of Privilege Concerns

Gentiva moves this Court for an order under Federal Rule of Evidence 502(d). Rule 502 generally provides the standards for waiver when material covered by the attorney-client privilege or work-product doctrine is disclosed in a federal proceeding. Rule 502(d) authorizes a federal court to order that disclosure of privileged or protected information in a proceeding does not amount to a waiver in any other federal or state proceeding. Fed. R. Evid. 502(d).

Orders under Rule 502(d) facilitate efficient discovery by alleviating risks associated with the production of privileged material. The Rule was adopted in 2008 in re-

- 2 -

Case 3:23-mc-00013   Document 1-1   Filed 07/18/23   Page 2 of 8 PageID #: 5

sponse to "the widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information." Fed. R. Evid. 502 Adv. Comm. Notes (citing *Hopson v. City of Baltimore*, 232 F.R.D. 228, 244 (D. Md. 2005) (electronic discovery may encompass "millions of documents" and to insist upon "record-by-record pre-production privilege review, on pain of subject matter waiver, would impose upon parties costs of production that bear no proportionality to what is at stake in the litigation")). Like courts around the country, courts in this circuit have since commonly entered orders under Rule 502(d) to promote efficient discovery. *See, e.g., Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 1940234, at *5 (S.D. Ohio May 14, 2021); *Abington Emerson Cap., LLC v. Landash Corp.*, No. 2:17-cv-143, 2019 WL 3521649, at *3 (S.D. Ohio Aug. 2, 2019); *Alexander v. Motions*, LLC, No. 18-cv-00157, 2018 WL 6920766, at *1 (W.D. Mich. Nov. 21, 2018); *Bamberger Polymers, Inc. v. Cal Western Packaging Corp.*, No. 2:14-cv-2280, 2015 WL 12867318, at *2 (W.D. Tenn. June 2, 2015).

### III. A Rule 502(d) Order Is Appropriate for This Matter

The requested order arises from a Second Request by the FTC. The protections of Rule 502 are intended to extend to investigations by federal agencies, including the FTC. *See* Fed. R. Evid. 502(a) (applying to disclosures made, *inter alia*, "to a federal office or agency"); Rule 502(b) (same). Subsection (d)'s specific protections were also contemplated to apply and be "equally available in government enforcement actions as in private actions." *See* Rule 502 Statement Cong'l Intent, 154 Cong. Rec. at H7819 (daily ed.

Sept. 8, 2008) (statement of Rep. Jackson-Lee). The legislative history further makes clear that a court may issue such a protective order based on the unilateral motion of one party. *Id.* (court may "enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery"). Rule 502 reinforces that such an order issued by the court will protect any future disclosure connected with that litigation from which the order issued—here, any subsequent disclosure in response to the Second Request. *See* Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure *connected with* the litigation pending before the court . . . ." (emphasis added)). This interpretation also accords with the purpose of Rule 502: to reduce burdens associated with privilege review, particularly with the voluminous data often involved in e-discovery. Such burdens may be no less present in responding to a Second Request than they are in responding to discovery in litigation.

Indeed, this Court has already entered a Rule 502(d) order with respect to a different agency investigation about which the FTC has requested information in its Second Request (*See* Ex. A., Specification 64). That matter involved a Civil Investigative Demand ("CID") issued to Gentiva by the United States Attorney's Office for the Middle District of Tennessee. *See Order Under Federal Rule of Evidence 502(d), In re Civil Investigative Demand*, No. 3:20-mc-00023 (M.D. Tenn. Oct. 30, 2020). The CID relates to *qui tam* lawsuits brought against Gentiva under the False Claims Act, cases which are pend-

- 4 -

ing in this District. *See United States ex rel. Pence v. Curo Health Services Holdings, Inc.*, No. 3:13-cv-00672. Given that the Second Request seeks production of documents and materials relating to that litigation pending before this Court and the related CID, and the possibility of information sharing between the FTC and the DOJ, documents produced pursuant to the Second Request may thus be implicated in proceedings before this Court and accordingly require protection under Rule 502(d).

Even more so than the CID, this matter requires a Rule 502(d) order for discovery to run efficiently and to conserve judicial resources that would otherwise be spent adjudicating tedious privilege disputes. The most strident protective measures against inadvertent disclosure of privileged material, such as item-by-item manual reviews, are incompatible with the FTC's exhaustive and pressing demands. And even these measures are not guaranteed when the corpus of documents that needs to be reviewed numbers in the millions. The most fitting solution is to blunt the perils of inadvertent disclosures. The proposed order would not relieve the incentive to identify and withhold privileged material as comprehensively as feasible prior to production. Instead, it would simply provide a prophylactic to cover the extra risks created by the nature of the Second Request. The result would benefit all parties and the courts by expediting discovery and simplifying or obviating future disputes over privilege waivers.

Moreover, such an order is necessary here to prevent unfairness or prejudice to Gentiva. Gentiva's concern is not speculative. After meeting with the FTC on June 22, 2023 to discuss this issue, the FTC declined to memorialize any Rule 502 agreement. At the same time, the FTC is seeking for Gentiva and affiliated entities to produce an ocean

of documents in response to the Second Request—including relating to the currently pending litigation with the DOJ. But in a similar context, following a party's inadvertent production of privileged documents in response to a Second Request during the FTC's pre-complaint investigation, the FTC moved for an order that the party had waived privilege over the documents inadvertently produced. *See Compl. Counsel's Mot. for an Order that Resp't Altria Has Waived Privilege, In re Altria Group, Inc. & Juul Labs, Inc.*, Dkt. No. 9393, OSCAR NO. 600662 (F.T.C. Feb. 12, 2021), https://www.ftc.gov/system/files/documents/cases/2020.02.12_ccs_motion_re_inadvertent_disclosure_public.pdf. A Rule 502(d) order is necessary to prevent such a result unfair result here.

## IV. Conclusion

For the reasons stated above, Gentiva respectfully requests that the Court grant the motion for a Rule 502(d) order applicable to documents produced in response to the Second Request and enter the proposed order.

Respectfully submitted,

DATED: July 18, 2023

*s/ Ty E. Howard*
Ty E. Howard (No. 026132)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Tel.: (615) 252-2376
Fax: (615) 252-6376
thoward@bradley.com

*s/ Edward D. Hassi*
Edward D. Hassi (*pro hac vice* admission pending)
DEBEVOISE & PLIMPTON LLP

- 6 -

801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Tel.: (202) 383-8000
Fax: (202) 383-8118
thassi@debevoise.com

*Attorneys for Gentiva*

CERTIFICATE OF SERVICE

I hereby certify that, on July 18 2023, I caused a copy of the foregoing document to be sent, via email, to:

Matthew Frank
Mark Hegedus
Rohan Pai
FEDERAL TRADE COMMISSION
400 7th Street SW
Washington, DC 20024
(202) 326-3751
mfrank1@ftc.gov
mhegedus@ftc.gov
rpai@ftc.gov

*s/ Ty E. Howard*
Ty E. Howard